| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| TIMOTHY J. YOO (SBN 155531)<br>LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.<br>10250 Constellation Boulevard, Suite 1700<br>Los Angeles, California 90067<br>Telephone: (310) 229-1234; Facsimile: (310) 229-1244;<br>Email tjy@lnbyb.com; jpf@lnbyb.com<br>Counsel for Chapter 7 Trustee, Howard M. Ehrenberg | |

|  |  |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | |
| In re:<br><br>FINANCIAL PLUS INVESTMENTS, INC.<br><br><br>Debtor(s). | CASE NO.:  2:08-bk-24835SB<br><br>(Substantively consolidated with<br><br>RQ Properties, LLC [2:08-bk-24829] &<br><br>RQ Investments, LLC [2:08-bk-24838]) |

## NOTICE OF SALE OF ESTATE PROPERTY

| **Sale Date:** 6/28/11 | **Time:** 9:30 a.m. |
|---|---|

**Location:** Courtroom 1539, 15th Floor, 255 East Temple Street, Los Angeles, CA 90012

Type of Sale:   ☑ Public     ☐ Private      Last date to file objections: _____

Description of Property to be Sold:   Secured and Unsecured Loan Portfolio, as-is, without warranty

SEE EXHIBITS "1," "2" "3" & "4" REGARDING SPECIFIC ASSETS, SALE, AND AUCTION.

Terms and Conditions of Sale: _____

SEE EXHIBITS "1," "2" "3" & "4" REGARDING SPECIFIC ASSETS, SALE, AND AUCTION.

Proposed Sale Price:  $10,000.

Overbid Procedure (If Any):  Initial overbid of $15,000.  Each overbid thereafter in $1,000 increments.

Bid Deadline - 6/23/2011

If property is to be sold free and clear of liens or other interests, list date, time and location of hearing: Not free and clear.

Contact Person for Potential Bidders (include name, address, telephone, fax and/or e:mail address):

Timothy J. Yoo, Esq. or J.P. Fritz, Esq

10250 Constellation Boulevard, Suite 1700

Los Angeles, CA 90067

(p) 310.229.1234; (f) 310.229.1244

tjy@lnbyb.com;  jpf@lnbyb.com

Date:   4/14/11 _____

# EXHIBIT "1"

1  TIMOTHY J. YOO (SBN 155531)
   J.P. FRITZ (SBN 245240)
2  LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
   10250 Constellation Blvd., Suite 1700
3  Los Angeles, California 90067
4  Telephone:  (310) 229-1234
   Facsimile:  (310) 229-1244
5  Email: tjy@lnbyb.com, jpf@lnbyb.com

6  Attorneys for Howard M. Ehrenberg
   Chapter 7 Trustee
7

8            UNITED STATES BANKRUPTCY COURT
              CENTRAL DISTRICT OF CALIFORNIA
9                LOS ANGELES DIVISION

10

11  In re:                                ) Case No.: 2:08-bk-24835-PC
                                          )
12  FINANCIAL PLUS INVESTMENTS, INC.       ) Substantively Consolidated with:
                                          ) 2:08-bk-24829-PC and 2:08-bk-24838-PC
13              Debtor.                    )
                                          ) Chapter 7 Case
14                                        )
    [Substantively consolidated with cases ) **SALE      BACKGROUND      AND**
15  In re RQ Properties, LLC and           ) **AUCTION SALE PROCEDURES**
16  In re RQ Investments, LLC]             )
                                          ) Auction
17                                        ) Date: June 28, 2011
                                          ) Time: 9:30 a.m.
18                                        ) Place: 255 East Temple Street
                                          )        Courtroom 1539
19                                        )        15th Floor
                                          )        Los Angeles, CA
20                                        )
21                                        )
                                          )
22                                        )
                                          )
23                                        )
                                          )
24                                        )
                                          )
25                                        )
                                          )
26                                        )
                                          )
27                                        )
                                          )
28  _____)

                            1

# I.

## SALE BACKGROUND

The above-captioned debtors were formed by an individual named Juan E. Rangel. Mr. Rangel was recently convicted of bribery of a bank official in connection with his operation of an alleged Ponzi scheme targeting the Hispanic community of East Los Angeles in the United States District Court, case no. 2:08-cr-01503-GHK (the "Criminal Case"). Mr. Rangel owned and operated numerous business entities, including the Debtor. The Debtor was used in the operation and furtherance of the alleged Ponzi scheme.

Based on the information in the Criminal Case, information from the victims, and the files reviewed by the Trustee, "investors" would put funds into FPI based on promises of high rates of returns that were allegedly created by FPI's issuance of hard money loans to homeowners facing foreclosure.

Despite most of the invested money going to Mr. Rangel, some loans were made and arranged through the Debtor and other entities owned by Mr. Rangel. The loan portfolio resulting from these hard money loans is the subject of the proposed sale (the "Sale"). The portfolio consists of both secured and unsecured loans. The secured loans are secured by junior deeds of trust. A summary of the loan portfolio is attached. Copies of the loans are not attached because their voluminous nature would result in tremendous administrative cost and expense to the estate in printing and mailing. The loans are available for viewing upon request or copies will be sent upon request, with cost of copying and mailing borne by the requesting party.

Any potential bidder or buyer must take heed that: (i) there was never any title insurance on any loan; (ii) there are no loan applications from any of the borrowers; (iii) there are no social security numbers on record with the loans as to any of the borrowers; (iv) there are

2

no original promissory notes in the possession of or known to the Trustee, and thus the buyer will receive only a copy of the promissory note; (v) there are no original deeds of trusts in the possession of or known to the Trustee, and thus the buyer will receive only a copy of the deed of trust; (vi) all loans were funded to borrowers at approximately 55% of the face amount of the deed of trust, and no loan was ever funded at the amount stated on the documents; (vii) no Truth in Lending Act disclosures were made or given to the borrowers on the loans; (viii) no California mortgage loan disclosures were made or given to the borrowers on the loans; (ix) it is believed that the loans violated several provisions of state and federal law; (x) the Debtor was never listed as a loss payee for any fire insurance coverage; (xi) the loan to value ratio of these loans is typically greater than 100%, meaning the loan is for more than the value of the property;  (xii) the secured loans are all junior loans and usually last in priority behind all other debt secured by the real property; (xiii) some of the loans may have been lost due to foreclosure by a senior holder of deed of trust; (xiv) some properties securing the loans have been abandoned by the borrowers; and (xv) the sale is as-is, where-is, with no representations and no warranties.

The stalking horse bidder for the Sale is Adam Telanoff ("Telanoff"), and the proposed Asset Purchase Agreement ("APA") is attached.  The Trustee requires that any Sale to any overbidder and accompanying APA thereon must include the following salient terms:

1.    Secured Loan (Deed of Trust) Portfolio

a.    All loans will be assigned to the court-approved buyer as to the deed of trusts and assignments of notes;

b.    The loans will be sold in their "as-is", "where-is" condition with no representation or warranties regardless of due diligence by the Trustee or buyer;

c.    The drawing of the documents for assignment and recording of the assignment will be at the cost of the buyer;

3

1          d.     The Trustee will not offer title insurance, and the buyer will not require

2 title insurance;

3          e.     The buyer shall record the assignments in the office of the Los Angeles

4 County Recorded within fifteen (15) days of a Court order approving the Sale;

5          f.     Conformed copies of the recorded assignments must be delivered to the

6 Trustee within five (5) business days of recordation.

7    2.     Unsecured Loan Portfolio

8          a.     All loans will be assigned to the court-approved buyer as to the

9 unsecured notes;

10          b.     The loans will be sold in their "as-is", "where-is" condition with no

11 representation or warranties regardless of due diligence by the Trustee or buyer;

12          c.     The drawing of the documents for assignment and recording of the

13 assignment will be at the cost of the buyer;

14          d.     The buyer shall record the assignments in the office of the Los Angeles

15 County Recorded within fifteen (15) days of a Court order approving the Sale;

16          e.     Conformed copies of the recorded assignments must be delivered to the

17 Trustee within five (5) business days of recordation.

18 **II.**

19 **SALE PROCEDURES AND AUCTION**

20    A.    Auction:   The Loans will be offered at auction (the "Auction") at courtroom

21 1539 on the 15th Floor of the United States Bankruptcy Courthouse, located at 255 East Temple

22 Street, Los Angeles, California, 90012, at 9:30 a.m. on June 28, 2011.

23

24    B.    Bidding Process:   The Trustee shall consider qualified bids for the Loans

25 (the "Qualifying Bids") at the Auction, but shall not consider proposed bids that are not

26 Qualifying Bids. In order for a proposed bid to be deemed a Qualifying Bid, a proposed bid

27 must meet each of the criteria set forth in the following subparagraphs numbered 1 through 3:

28

1.      <u>Timing</u>.       Bids are due and must actually be received by counsel for the Trustee not later than three (3) business days before the Auction (the "<u>Bid Deadline</u>") [June 23, 2011].

2.      <u>Form and content of bid and related requirements</u>:    Each        potential bidder (a "<u>Potential Bidder</u>") must deliver to counsel for the Trustee the following: (i) an executed asset purchase agreement containing the critical terms as listed on section II of this Motion (the "<u>Bidder APA</u>"); (ii) a deposit in an amount equal to not less than $10,000.00 to be submitted to counsel for the Trustee in the form of a cashier's check or wire; (iii) financial statements showing that the Potential Bidder has ample and present ability to fulfill its obligations pursuant to the Bidder APA; (iv) assigned statement acknowledging that the sale of the Loans is as-is, where-is, with no due diligence contingencies or financing contingencies of any kind whatsoever; and (v) a signed statement acknowledging the prohibition against collusive bidding.

A "Bid" must state: (i) the Potential Bidder offers to purchase the Loans upon the same or better terms and conditions as set forth in the critical terms, including, but not limited to, purchase price and contact information of the Potential Bidder; (ii) the Potential Bidder agrees to purchase the Loans for at least the Minimum Bid Amount; (iii) the Potential Bidder is prepared to enter into and consummate the transaction by the Closing Date; and (iv) the offer is irrevocable until the later of (a) the Auction has taken place and it not selected as either the Successful Bidder or Back-Up Bidder, in which case the Deposit will be refunded unless otherwise forfeited as a result of a breach, or (b) a sale of such Loans has been consummated to another Successful Bidder or Back-Up Bidder.

3.      <u>Qualified Bidder</u>:     A "Qualified Bidder" is a Potential Bidder that submits a Qualified Bid and, in the Trustee's reasonable discretion, is determined to have

demonstrated the financial capability to consummate the purchase of the Loans that is the subject of its Qualified Bid.  For purposes of an Auction, Telanoff is deemed a Qualified Bidder.

C.      Qualification and Disqualification of Bids:  If the Trustee determines that a Potential Bidder is not a Qualified Bidder, the Trustee will return the Deposit to the Potential Bidder within a period of five (5) business days of such determination.

D.      Auction If Qualifying Bids:  If the Trustee determines that there are one or more Qualifying Bids, the Trustee shall hold an Auction.  The minimum bids shall be $15,000.00 for the Loans, all of which shall be in cash (a "Minimum Bid Amount").

1.      Assuming Qualified Bidders have submitted separate Qualifying Bids for the Loans, the Trustee will conduct the Auction.  Upon receipt of the highest bid for the Loans, the Auction will be closed.

2.      At the Auction, bidding will begin at the applicable Minimum Bid Amount or such higher amount that a Qualified Bidder may bid prior to the Auction.  All subsequent offers must exceed such amount by not less than $1,000.00.  Qualified Bidders may bid in increments higher than $1,000.00 – but all denominations shall be consistent with the incremental amounts (i.e. an overbid of $2,000.00 (2 x $1,000.00) is acceptable, but an overbid of $2,500.00 is not acceptable).  Bidding at the Auction shall continue until such time as the highest and best bid is determined.

3.      The Auction will be conducted as follows: (i) Qualified Bidders and/or their representatives may make a bid at the auction in person with bidding starting at the amount of the Minimum Bid Amount or the highest Qualifying Bid received for the Loans; (ii) the Auction will be an open bid process, with all bids stated orally and on the record; and (iii) Qualified Bidders may ask for a reasonable time for a recess during the bidding.

E.    Selection of Winning Bid:    Upon completion of the Auction, the Trustee, in his discretion, shall select the Qualifying Bid that will maximize the value of the Loans, and is in the best interest of the bankruptcy estate and its creditors (the "Successful Bid").    The Trustee will then seek approval of the Successful Bid by the Bankruptcy Court.    The Deposit for a Qualified Bidder that submitted the Successful Bid will be non-refundable upon the conclusion of the Auction.    Upon the failure to consummate a sale because of a breach or failure on the part of a Qualified Bidder who submitted the Successful Bid, the Trustee may select, in his business judgment, the next highest or otherwise best Qualified Bidder to be the Successful Bidder as approved in a final sale order, without further order of the Bankruptcy Court.

F.    Back-up Bidders:    At the conclusion of the Auction, the Trustee may designate a "Back-up Bidder" or multiple Back-up Bidders.    If a Back-up Bidder is selected, such Back-up Bidder's Deposit shall be released upon the later to occur of (a) the closing of a transaction with the Successful Bidder, or other Back-up Bidder; or (b) thirty (30) days after the entry of a final sale order.    If the Successful Bidder does not close the transaction, then the Back-up Bidder's Deposit shall be non-refundable and the Trustee shall close the transaction upon the terms of the Back-up Bidder's last and highest bid at the Auction.

G.    Closing:    The closing of a sale of the Loans to the Successful Bidder (the "Closing") shall be held in the office of the Trustee, or such other location as is agreed to by the parties, no later than 10 days following the entry of the final sale order.

Dated: April 14, 2011                LEVENE, NEALE, BENDER, YOO
                                      & BRILL L.L.P.

                                      By:  __/s/ John-Patrick M. Fritz____
                                          TIMOTHY J. YOO
                                          JOHN-PATRICK M. FRITZ
                                          Attorneys for Howard M. Ehrenberg,
                                          Chapter 7 Trustee

7

# EXHIBIT "2"

| Loan Number | Borrower Name (Redacted for protection of privacy) | Address (Redacted for privacy) | City (Redacted for privacy) | Zip Code | Due Date | Original Recorded Loan Amount | Modified Principal amount of Loan |
|---|---|---|---|---|---|---|---|
| 1 |  |  |  | 91342 | 15 years | $15,000.00 | $17,358.00 |
| 2 |  |  |  | 90650 | 15 years | $10,000.00 | $6,000.00 |
| 3 |  |  |  | 90280 | 15 years | $15,000.00 | $14,020.00 |
| 4 |  |  |  | 90604 | 15 years | $19,852.00 | $24,000.00 |
| 5 |  |  |  | 91766 | 15 years | $36,200.00 | $20,000.00 |
| 6 |  |  |  | 91706 | 15 years | $19,000.00 | $10,000.00 |
| 7 |  |  |  | 90003 |  | $28,500.00 | $15,000.00 |
| 8 |  |  |  | 92503 | 15 years | $17,019.00 | $17,132.00 |
| 9 |  |  |  | 90001 | 15 years | $15,000.00 | $8,000.00 |
| 10 |  |  |  | 91007 | 5 yrs - balloon |  | $34,880.00 |
| 11 |  |  |  | 91402 | 3/20/08 | $35,484.00 | $24,246.18 |
| 12 |  |  |  | 90280 | 12/5/07 | $22,800.00 | $12,000.00 |
| 13 |  |  |  | 90723 | 9/6/07 | $41,280.00 | $20,248.00 |
| 14 |  |  |  | 90220 | 11/25/07 | $12,350.00 | $5,000.00 |
| 15 |  |  |  | 91344 | 1/23/08 | $51,620.00 | $25,342.22 |
| 16 |  |  |  | 90242 | 1/2/08 | $25,800.00 | $15,000.00 |
| 17 |  |  |  | 90038 | 4/17/07 | $47,500.00 | $25,000.00 |
| 18 |  |  |  | 90606 | 12/26/07 | $8,400.00 | $3,000.00 |
| 19 |  |  |  | 90063 | 8/6/07 |  | $10,000.00 |
| 20 |  |  |  | 90023 | 4/1/08 | $37,766.06 | $19,876.87 |
| 21 |  |  |  | 90241 | 3/27/08 |  | $15,000.00 |
| 22 |  |  |  | 90241 | 5/19/08 |  | $22,000.00 |
| 23 |  |  |  | 92371 | 7/3/08 |  | $30,000.00 |
| 24 |  |  |  | 91790 | 9/19/08 |  | $8,062.21 |
| 25 |  |  |  | 90280 | 9/21/08 | $8,600.00 | $5,000.00 |
| 26 |  |  |  | 92410 | 4/18/08 |  | $10,000.00 |
| 27 |  |  |  | 90044 | 3/31/08 | $34,400.00 | $20,000.00 |
| 28 |  |  |  | 90650 | 1/12/09 |  |  |
| 29 |  |  |  | 90059 | 4/4/08 | $18,200.00 | $12,500.00 |
| 30 |  |  |  | 90660 | 7/13/07 |  | $6,000.00 |
| 31 |  |  |  | 90201 | 2/6/08 |  | $10,500.00 |
| 32 |  |  |  | 90201 | 4/10/08 |  | $5,000.00 |
| 33 |  |  |  | 91006 | 1/18/08 | $77,420.00 | $40,000.00 |
| 34 |  |  |  | 90241 | 7/16/08 | $39,840.00 | $7,500.00 |
| 35 |  |  |  | 90011 | 3/21/08 | $28,700.00 | $15,000.00 |
| 36 |  |  |  | 90255 | 3/22/08 |  | No check |
| 37 |  |  |  | 92410 | 4/18/08 |  | No check |

EXHIBIT "A"
SUMMARY OF LOAN PORTFOLIO

| Loan Number | Borrower Name (Redacted for protection of privacy) | Address (Redacted for privacy) | City (Redacted for privacy) | Zip Code | Due Date | Original Recorded Loan Amount | Modified Principal amount of Loan |
|---|---|---|---|---|---|---|---|
| 38 | | | | 90715 | 6/19/08 | | No check |
| 39 | | | | 91010 | 4/5/07 | $7,600.00 | $3,000.00 |
| 40 | | | | 90023 | 11/1/07 | $11,093.44 | $7,838.64 |
| 41 | | | | 90001 | 5/13/08 | $41,280.00 | $20,000.00 |
| 42 | | | | 90746 | 11/12/07 | | $14,803.66 |
| 43 | | | | 92683 | 10/10/07 | | $7,000.00 |
| 44 | | | | 92706 | 10/25/08 | | $25,000.00 |
| 45 | | | | 92627 | 8/14/08 | | $4,000.00 |
| 46 | | | | 91331 | 7/8/08 | $8,300.00 | No check |
| 47 | | | | 90280 | 1/9/08 | | $17,394.39 |
| 48 | | | | 90047 | 3/23/07 | $50,600.00 | $23,748.58 |
| 49 | | | | 90201 | 2/21/08 | | $15,000.00 |
| 50 | | | | 90250 | 1/5/08 | | $10,000.00 |
| 51 | | | | 90002 | 12/4/07 | $21,500.00 | $10,000.00 |
| 52 | | | | 90262 | 6/25/07 | $38,000.00 | $20,000.00 |
| 53 | | | | 91723 | 4/26/08 | $16,304.00 | $7,560.23 |
| 54 | | | | 90262 | 1/3/08 | $34,400.00 | $20,000.00 |
| 55 | | | | 91766 | 1/24/07 | | $6,857.64 |
| 56 | | | | 90305 | 10/8/08 | $25,800.00 | $15,000.00 |
| 57 | | | | 90221 | 9/12/07 | $28,302.82 | $16,392.00 |
| 58 | | | | 90007 | 6/14/07 | | $20,000.00 |
| 59 | | | | 90280 | 3/17/08 | | $4,000.00 |
| 60 | | | | 92335 | 4/10/07 | $17,100.00 | $6,000.00 |
| 61 | | | | 91744 | 12/7/07 | $43,000.00 | $14,883.38 |
| 62 | | | | 91706 | 11/30/07 | $12,460.00 | $10,959.67 |
| 63 | | | | 90059 | 2/29/08 | $4,750.00 | $2,500.00 |
| 64 | | | | 90650 | 12/25/07 | $5,700.00 | $3,000.00 |
| 65 | | | | 91744 | 4/25/07 | $41,800.00 | $28,755.87 |
| 66 | | | | 90033 | 8/18/07 | $19,000.00 | $10,000.00 |
| 67 | | | | 90240 | 5/29/07 | $44,500.00 | $25,000.00 |
| 68 | | | | 90813 | 11/1/07 | $32,908.00 | $17,320.16 |
| 69 | | | | 90810 | 9/28/07 | $6,880.00 | $4,000.00 |
| 70 | | | | 90044 | 7/10/08 | $21,004.00 | $10,000.00 |
| 71 | | | | 90255 | 7/9/07 | $17,800.00 | $10,000.00 |
| 72 | | | | 93536 | 9/23/07 | $45,639.00 | $24,021.16 |
| 73 | | | | 90011 | 2/2/08 | $19,000.00 | $10,000.00 |

EXHIBIT "A"
SUMMARY OF LOAN PORTFOLIO

**EXHIBIT "3"**

# Asset Purchase Agreement

**THIS ASSET PURCHASE AGREEMENT** made as of February 10, 2011between Adam J. Telanoff or nominee. ("Purchaser") and Howard Ehrenberg, Chapter 7 Trustee in the Substantively Consolidated bankruptcies of Financial Plus, Inc. USBC Case Number 2:08-bk-24835 ER and RQ Properties, Inc., USBC Case Number 2:08-bk-24829 SB ("Seller").

**IN CONSIDERATION** of the mutual covenants and agreements hereinafter set forth, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties agree as follows:

1        **Purchase and Sale of Assets.** Subject to the terms and conditions set forth in this Agreement, at the Closing, Seller shall sell, assign, transfer and deliver to Purchaser, and Purchaser shall purchase, acquire and take assignment and delivery of those assets set forth on Exhibit 1 ("Acquired Assets") owned by Seller and all of Seller's right, title and interest therein and thereto.

   1.1       **Excluded Assets:** All assets of Seller not identified on Exhibit 1 shall be retained by Seller and are not being sold or assigned to Purchaser hereunder.

1.2      **No Liabilities Assumed.** Seller acknowledges and agrees that pursuant to the terms and provisions of this Agreement and under any Contract, Purchaser will not assume any obligation of Seller. In furtherance and not in limitation of the foregoing, neither Purchaser nor any of its affiliates shall assume, and shall not be deemed to have assumed any debt, claim, obligation or other liability of Seller or any of its affiliates whatsoever. Disclosure of any obligation or liability on any schedule to this Agreement shall not create any liability of Purchaser.

2        **Purchase Price.** The purchase price (the "Purchase Price") payable by Purchaser to Seller for the Assets shall be Ten Thousand Dollars ($10,000).

3        **Payment of Purchase Price.** The Purchase Price shall be paid and satisfied at Closing by Purchaser.

4        **Seller's Representations and Warranties.**

   4.1       **Authority.** The execution, delivery and performance of this Agreement and the consummation of the transactions contemplated hereby and thereby have been duly authorized by the Bankruptcy Court.

   4.2       **Brokers.** Seller has incurred no liability to any broker, finder or agent with respect to the payment of any commission regarding the consummation of the transaction contemplated hereby. Seller agrees that if any claims for commissions, fees or other compensation, including, without limitation, brokerage fees, finder's fees, or commissions are ever asserted against Purchaser or the Sellers in connection with this transaction, all such claims shall be handled and paid by the party whose actions form the basis of such claim and such party

shall indemnify, defend (with counsel reasonably satisfactory to the party(ies) entitled to indemnification), protect and save and hold the other harmless from and against any and all such claims or demands asserted by any person, firm or corporation in connection with the transaction contemplated hereby.

5    **Conditions Precedent.** The obligations of Purchaser under this Agreement are, at the option of Purchaser, subject to satisfaction of the following conditions precedent on or before the Closing Date.

    5.1    **Warranties True as of Both Present Date and Closing Date.** Each of the representations and warranties of Seller contained herein shall be true and correct in all material respects on and as of the date of this Agreement, and shall also be true and correct in all material respects (except for such changes as are contemplated by the terms of this Agreement) on and as of the Closing Date with the same force and effect as though made on and as of the Closing Date.

    5.2    **Bankruptcy Condition.** The Sale Order shall have been entered by the Bankruptcy Court and no stay with respect thereto shall be in effect as of the Closing Date.

    5.3    **Bankruptcy Court Approval.** Entry of the Sale Order, inter alia, approving the sale of the Acquired Assets to Purchaser, pursuant to the terms of this Agreement. The Sale Order shall be in substantially the form attached hereto as Exhibit B.

    5.4    **Assumption and Assignment.** The Sale Order shall approve and authorize the assumption and assignment of Acquired Assets as set forth on Exhibit A.

    5.5    **Sale Order Deadline.** The Sale Order shall be entered by _____, 2011, which date may be extended by mutual agreement of the parties or order of the Bankruptcy Court for cause.

6    **Closing.** Provided that the Sale Order shall have been entered by the Bankruptcy Court on or before the date set forth in Section 5.5 and no stay with respect thereto shall be in effect, the Closing shall take place on a date and time to be mutually agreed upon by Sellers and Purchaser, but in no event later than three (3) days after entry of the Sale Order.

    6.1    **Deliveries by Seller.** At Closing, Seller will deliver the following to Purchaser: (a) a bill of sale in form and content mutually satisfactory to Purchaser and Sellers ("Bill of Sale"); (b) an Assignment of Deed of Trust for each Deed of Trust identified on Exhibit A; (c) an Assignment of each Promissory Note without recourse identified on Exhibit A.

    6.2    **Deliveries by Purchaser.** At the Closing, Purchaser will tender the Purchase Price.

7    **Seller's Disclosures**

    7.1    For the Deed of Trust Loans, there are no original deeds of trust in the possession of the Seller, and no original Deed of Trust will be provided to the buyer. A copy of the recorded deed of trust shall be provided Purchaser.

    7.2    For the Promissory Notes secured by the Deeds of Trust, there are no original promissory notes in the possession of Seller, and no original Promissory Note will be provided to the Purchaser. A copy of the Promissory Note shall be provided to Purchaser.

    7.3    Seller will not provide buyer with any loan application forms or financial information regarding any borrower on any of the Loans.

7.4    Seller will not provide Purchaser with social security numbers of any borrower.

7.5    Seller will not provide Purchaser with an offset statement, or any other statement, signed by any borrower showing the amount due on any of the Loans.

7.6    Drawing and/or recording of any documents shall be at Purchaser's sole cost and expense.

7.7    Seller will not provide title insurance.

7.8    To the best of Seller's knowledge, no Truth in Lending Disclosure was given to any borrower, nor was any California Mortgage Loan Disclosures made to any borrower.

7.9    There is no fire insurance coverage on any property securing any of the Loans.

7.10    The loan-to-value ratio for each loan appears to be greater than 100%.

7.11    Seller makes no representation as to the status of any real property securing any of the Loans, the existence of senior liens, property tax status, or the ownership of any of the real property securing the Loans.

7.12    All Loans will be purchased as-is, where-is, and without recourse.

7.13    The Loans appear to be usurious on their face.

## 8    Terms Related To Court Confirmation.

8.1    The sale shall only consist of *all* of the Trust Deeds Loans and Promissory Notes contained on Exhibit 1.  There can be no offer to purchase less than the entirety.  In addition, all Overbids must be in the same form as the original bid.

8.2    All persons who desire to bid on these assets must pre-qualify, by providing proof of ability to pay at least the first overbid amount.

8.3    All overbids must be at least Ten Percent (10%) more than the last amount bid. (Other than a matching bid by Purchaser, as set forth in item 8.6, below).

8.4    Purchaser wins the bidding if it matches the highest bid.

8.5    Because Purchaser has expended considerable time and money in researching and preparing it Offer and this Agreement, in the event that Purchaser is not the successful bidder at auction, Purchaser shall receive a breakup fee of $2,500 (including $2,500 for attorney's fees).

8.6    Payment of the entire purchase price must be tendered to Seller within three (3) business days of confirmation of the winning bid.  Failure to tender good funds will result in the automatic award to the next highest bidder.

## 9    General Provisions.

9.1    **Expenses.**  Each party hereto shall bear its own costs and expenses, including attorney's fees, with respect to the transactions contemplated hereby.

9.2    **Headings.**  The division of this Agreement into paragraphs and subparagraphs and the insertion of headings are for convenience of reference only and shall not affect the construction or interpretation hereof.

9.3    **Entire Agreement.**  This Agreement constitutes the entire agreement among the parties and except as herein stated and in the instruments and documents to be executed and delivered pursuant hereto, contains all of the representations and warranties of the respective parties.  There are no oral representations or warranties amount the parties of any kind.  This Agreement may not be amended or modified in any respect except by written instrument signed by both parties.

9.4    **Notices.** Any notice required or permitted to be given hereunder shall be in writing and shall be effectively given if (i) delivered personally or (ii) sent by prepaid courier service or mail addressed to the recipient at the address of the recipient noted below. Any notice so given shall be deemed conclusively to have been received when so personally delivered or sent by telex, facsimile or other electronic communication or on the second day following the sending thereof by private courier or mail. Any party hereto or others mentioned above may change any particulars of its address for notice by notice to the others in the manner aforesaid.

To Seller:
Howard M. Ehrenberg
SulmeyerKupetz, A Professional Corporation
333 South Hope Street, Thirty-Fifth Floor
Los Angeles, CA      90071
Fax: 213.629.4520
email: hehrenberg@sulmeyerlaw.com

To Purchaser:
Adam J. Telanoff
1830 12th Street, Unit 7
Santa Monica, CA      90404
Fax: 310.397-9507
email: adam.telanoff@gmail.com

9.5    **No Third Party Beneficiaries.** Except to the extent that Purchaser may assign his position to a nominee, this Agreement is solely for the benefit of the parties hereto and their respective affiliates and no provision of this Agreement shall be deemed to confer upon third parties any remedy, claim, liability, reimbursement, claim of action or other right in excess of those existing without reference to this Agreement.

9.6    **Assignment.** Purchaser may assign its rights and benefits to a nominee without approval from Seller.

9.7    This Agreement shall ensure to the benefit of and be binding upon the parties hereto and their respective successors and assigns.

**IN WITNESS WHEREOF** the parties hereto have executed this Agreement as February 10, 2011

Seller                                      Buyer

_____            _____
Howard Ehrenberg, Chapter 7 Trustee        Adam J. Telanoff
for Financial Plus, Inc., and
RQ Properties, Inc.

Financial Plus/RQ Properties Trust Deed APA        February 10, 2011            Page 4 of 5

**EXHIBIT "4"**

1 | TIMOTHY J. YOO (SBN 155531)
J.P. FRITZ (SBN 245240)
2 | LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Blvd., Suite 1700
3 | Los Angeles, California 90067
Telephone:  (310) 229-1234
4 | Facsimile:  (310) 229-1244
5 | Email: tjy@lnbyb.com, jpf@lnbyb.com

6 | Attorneys for Howard M. Ehrenberg
Chapter 7 Trustee
7 |

```
FILED & ENTERED

MAR 30 2011

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY egarcia   DEPUTY CLERK
```

8 |             **UNITED STATES BANKRUPTCY COURT**

9 |              **CENTRAL DISTRICT OF CALIFORNIA**

10 |                  **LOS ANGELES DIVISION**

11 |

12 | In re:                                         ) Case No.: 2:08-bk-24835-PC
                                                    )
13 | FINANCIAL PLUS INVESTMENTS, INC.               ) Substantively Consolidated with:
                                                    ) 2:08-bk-24829-SB and 2:08-bk-24838-SB
14 |              Debtor.                           )
                                                    ) Chapter 7 Case
15 |                                                )
16 | [Substantively consolidated with cases        ) **ORDER  APPROVING  MOTION  OF**
     In re RQ Properties, LLC and                   ) **TRUSTEE      FOR      ORDER**
17 | In re RQ Investments, LLC]                     ) **ESTABLISHING            SALE**
                                                    ) **PROCEDURES    FOR    SALE    OF**
18 |                                                ) **ASSETS PURSUANT TO 11 U.S.C. §§**
                                                    ) **105 & 363**
19 |                                                )
20 |                                                ) Hearing
                                                    ) Date: March 22, 2011
21 |                                                ) Time: 9:30 a.m.
                                                    ) Place: 255 East Temple Street
22 |                                                )         Courtroom 1539
                                                    )         Los Angeles, CA
23 |                                                )
                                                    )
24 |                                                )
                                                    )
25 | _____           )

26 |        On March 22, 2011, at 9:30 a.m., the Honorable Peter H. Carroll, United States Chief

27 | Bankruptcy Judge for the Central District of California (the "Court") held a hearing in

28 |

                                        1

1  courtroom 1539 in the United States Bankruptcy Court, located at 255 East Temple Street, Los

2  Angeles, California, on the *Motion of Trustee for Order Establishing Sale Procedures for Sale*

3  *of Assets Pursuant to 11 U.S.C. §§ 105 & 363* (the "Motion") [docket entry no. 183] filed by

4  Howard M. Ehrenberg, the chapter 7 trustee (the "Trustee") for the bankruptcy estate in the

5
6  above-captioned, substantively consolidated bankruptcy case (the "Case"). Appearances were

7  made as stated on the record. The Court, having considered the Motion, declarations and

8  pleadings submitted in support of or in connection with the Motion, statements of counsel made

9  on the record, the docket in the Case, the entire record of the Case, and good cause appearing:

10      **IT IS HEREBY ORDERED** as follows:

11  1.  The Motion is GRANTED in its entirety;

12  2.  Notice of the Motion was adequate and appropriate;
13
14  3.  The Sale Procedures set forth in the Motion are approved;

15  4.  The Auction sale described in the Motion shall be set for 9:30 a.m. on June 28,

16      2011, at courtroom 1539 on the 15th Floor of the United States Bankruptcy

17      Courthouse, located at 255 East Temple Street, Los Angeles, California, 90012;

18  5.  The break-up fee for the stalking horse bidder is approved at $2,500.00;

19  6.  The initial overbid shall be $15,000.00;

20  7.  Overbids thereafter shall be in increments of $1,000.00; and
21
22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27

28

2

8.    The Trustee is authorized to take actions necessary to effectuate this Order and carry out the Auction and approved Sale Procedures.

**IT IS SO ORDERED.**

### ###

DATED: March 30, 2011

_____
United States Bankruptcy Judge

3

| In re:                                   | Case No. 2:08-bk-24835-SB |
|------------------------------------------|---------------------------|
| FINANCIAL PLUS INVESTMENTS, INC.,        |                           |
|                                  Debtor  | Chapter 7                 |

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:  10250 Constellation Boulevard, Suite 1700, Los Angeles, California 90067

A true and correct copy of the foregoing document described as **Notice of Sale of Estate Property** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **April 15, 2011**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Gregory T Armstrong    garmstrong@icls.org
- Nancy B Clark    notices@blclaw.com, ecf@blclaw.com
- Deborah Conley    bkmail@prommis.com
- Donald H Cram    dhc@severson.com
- Doyna V Dardon    bknotice@mccarthyholthus.com
- Howard M Ehrenberg    ehrenbergtrustee@sulmeyerlaw.com, ca25@ecfcbis.com;hmehrenberg@ecf.epiqsystems.com
- Jeremy Faith    jfaith@goodmanfaith.com
- John-patrick M Fritz    jpf@lnbrb.com
- Lemuel B Jaquez    bjaquez@mileslegal.com
- Brian A Paino    ecfcacb@piteduncan.com
- Vy Pham    vpham@mileslegal.com
- Jeffrey S Shinbrot    jeffrey@shinbrotfirm.com, sandra@shinbrotfirm.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Catherine T Vinh    ecfcacb@piteduncan.com
- Robert Whitmore    rswtrustee@yahoo.com, rwhitmore@ecf.epiqsystems.com
- Timothy J Yoo    tjy@lnbyb.com

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:** On **April 15, 2011**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served)**:** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **April 15, 2011**, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

**Personally Served via Attorney Service**
Hon. Peter H. Carroll
United States Bankruptcy Court
Courtroom 1539
255 East Temple Street
Los Angeles, CA 90012

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| April 15, 2011 | Jason Klassi | /s/ Jason Klassi |
|----------------|--------------|------------------|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*March 2009*                                                              **F 9013-3.1**